Desmond, J.
The trial court stretched section 8-a of the Code of Criminal Procedure much too far when it submitted to the jury the whole content of the extrajudicial statement of defendant’s father including its obviously hearsay, conclusory and prejudicial reference to ‘ ‘ the night that he [defendant] burned the hotel But it would be going too far in the opposite direction to hold that section 8-a did not authorize the showing to the jury of any part of that prior statement.
The trial testimony of Cannizzaro, Sr., contained at least three statements relevant to the issues: his denial that he was at the hotel before the fire, his denial that he had ever seen the torches found at the hotel after the fire, and his denial that there had been any straw at the hotel. That relevant and pertinent (although negative) testimony permitted the People, under section 8-a {supra), to impeach the witness by showing that he had made a prior statement inconsistent with those denials (People v. Marino, 288 N. Y. 411, 417). Therefore, the trial court should have admitted into evidence for impeachment purposes so much only of the statement of Cannizzaro, Sr., as controverted the three denials above listed. Putting it more specifically, it was error to let the jury see so much of the pretrial statement as contained this language: “ that my son had straw, but I did not know at any time where it came from it was likewise error to let the jury see the sentence of the statement beginning: “We were the only two ”, the sentence beginning: 11 The night he burned the hotel ’ ’, and the sentence beginning: “I also declare ’’.
The judgments should be reversed and a new trial ordered.
Conway, Ch. J., Dye, Fuld, Froessel, Van Voorhis and Burke, JJ., concur.
Judgments reversed, etc.